UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                                                         CRIMINAL ACTION NO. 3:07CR-25-S

RICKEY CALLOWAY                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Rickey Calloway, for a new trial based upon what he contends is newly discovered evidence.[1] This motion was filed some three years after he was convicted on six counts of a nine-count indictment for drug trafficking and drug trafficking-related crimes.[2] In January of 2012, Calloway's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit.

Calloway seeks a new trial under Fed.R.Crim.P. 33 on the ground of newly discovered evidence. He contends that the judge's signature on the search warrant executed at 7219 Oakburn Drive, Louisville, on December 19, 2006 was forged.

To obtain a new trial based on newly discovered evidence, the defendant must establish:

(1) the new evidence was discovered after the trial;

(2) the evidence could not have been discovered earlier with due diligence;

---

[1] Calloway seeks appointment of counsel to assist him in bringing this motion. No valid ground for appointment of counsel is raised. The motion will be denied. Calloway also seeks relief on his new trial motion due to the failure of the United States to file a response. The United States did, in fact, file a motion for leave to file the response out of time due to administrative confusion in the United States Attorney's Office over which Assistant would be responsible for matters raised in this closed case. The motion for leave to file out of time will be granted and the motion to interpret Calloway's motion as uncontested will be denied.

[2] Calloway was convicted of conspiracy, drug trafficking and firearms charges.

(3) the evidence is material and not merely cumulative or impeaching; and

(4) the evidence would likely produce an acquittal.

*United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986), *quoting United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983).

Calloway states in his motion that

> Discovery provided by federal prosecutors included copies of the subject search warrant and its supporting affidavit (Exhibit "B"). During the Movant's inspection of the discovery material, it was readily apparent that a difference existed in the signature affixed to the Search Warrant. Allegedly, Geoffrey Morris, a circuit judge for Jefferson County, approved the Search Warrant. That fact alone was unusual since it is the practice in Jefferson County for district court judges to review and approve search warrants and arrest warrants. These obvious deficiencies were brought to the attention of defense attorney - David Zorin, by the Movant. However, he discounted them.

DN 328, p. 2. Thus, it is crystal clear that this purported forgery is not newly discovered evidence. Calloway reviewed the search warrant and affidavit, he suspected a forgery, or at the very least, believed there to be an irregularity, and he raised the matter with his attorney. Therefore, Calloway cannot meet the first requirement for a new trial.

Calloway urges that his attorney did not pursue the issue once Calloway raised it. This is not a ground for new trial three years later, after the defendant decided to conduct his own *post-trial* investigation. The second requirement under the *Barlow* test is that the evidence *could not have been discovered earlier with due diligence*. Calloway is no stranger to pen and paper, as is evidenced by the record in this case. *See*, DNs 133, 149, 161, 184, 256, 257, 306, 307. Calloway was active in the defense of his own case and pursued issues *pro se* as he felt necessary. He urges that he raised what he saw to be a "readily apparent difference" or "obvious deficiency," yet did

nothing when his counsel purportedly "discounted them." Calloway cannot show that the evidence could not have been discovered earlier with due diligence.

Calloway has failed to meet the requirements under *United States v. Barlow*, *supra*. Therefore, the motion for new trial will be denied.

Motions having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) The motion of the defendant, Rickey Calloway, for appointment of counsel (DN 337) is **DENIED.**

(2) The motion of the United States to accept late filing (DN 342) is **GRANTED.**

(3) The motion of the defendant, Rickey Calloway, to interpret his Rule 33 motion as unopposed (DN 341) is **DENIED.**

(4) The motion of the defendant, Rickey Calloway, for new trial (DN 328) is **DENIED.**

**IT IS SO ORDERED.**

December 21, 2012

**Charles R. Simpson III, Judge**
**United States District Court**